WILL OF BEHM.

*April 6—May 12, 1925.*

*Wills: Undue influence: Conclusion of court on evidence free from conflict: Weight: Obsession of testator: As to wife's fidelity.*

1. A finding of the trial court, based on testimony practically free from conflict, that testator's obsession as to the illegitimacy of his children did not influence him in making his will, is considered to be a conclusion and not to have the force and effect of a finding of fact upon conflicting testimony; and in this case the conclusion the court drew from the evidence is *held* unjustified.  p. 13.

2. One of the cardinal tests of the presence of undue influence or the effect of an obsession on a testator is a consideration of the result of his will and a determination whether such result was arrived at by reason of the undue influence or the existence of the obsession.  p. 13.

APPEAL from a judgment of the county court of St. Croix county: OTTO W. ARNQUIST, Judge. *Reversed.*

Proceedings for the probate of the will of Frederick Behm, deceased.  The county court found as follows:

"(1) That the deceased, Frederick Behm, was born, raised, and married in Germany, and with his wife and two children, *Herman* and *Annie,* came to America, ultimately settling on a farm near Woodville, St. Croix county, Wisconsin.  After many years' residence on the farm he removed to the village of Woodville, where he made his home until his death, which occurred on the 13th day of January, 1924.  He was then over seventy years of age.

"(2) That there were born to said deceased, as issue of said marriage, eight children, one of whom died unmarried before said deceased.  The surviving children are *Herman Behm, Annie Ferg, Ida Goldschmidt, George Behm, Julius Behm, William Behm,* and *Ernest Behm,* all of whom are of lawful age and competent and under no disability.

"(3) That after their arrival in America domestic dissensions in the family began, and deceased accused his wife of infidelity, asserting that he was not the father of the children born after his arrival in America, and frequently tried to force his wife to admit unfaithfulness.  Sometimes

he denied that he was the father of any of the children, but he generally asserted that he was not the father of those born after he came to America. The domestic relations of deceased became worse, until in October, 1912, his wife brought an action for divorce in the circuit court for St. Croix county, charging cruel and inhuman treatment on the part of the defendant, the charges of infidelity being the principal cruelty alleged.

"(4) That such proceedings were had in said action that on January 16, 1913, judgment for divorce was granted in favor of the wife and a division of the property of deceased ordered.

"(5) That thereafter and on the 7th day of June, 1913, at the village of Baldwin, the deceased duly signed, published, and declared the instrument propounded herein as his last will and testament, which instrument was at the same time attested and subscribed by S. Swenumson and Ed. Snoeyenbos, who were competent witnesses, in the presence of said deceased and in the presence of each other, and said deceased at the same time declared it to be his last will and testament; that in said will, after giving to each of his other children the sum of five dollars and providing for a burial lot and monument at his grave, he gave all his property to his oldest son, *Herman Behm;* that his estate at the time of his death consisted of personal property of the value of approximately $7,000.

"(6) That the evidence as to relations between deceased and his children is very meager and unsatisfactory and does not show what the relations between the father and his children were, nor whether either of said children took sides in the divorce proceedings between deceased and his wife.

"(7) That the charges of unfaithfulness of his wife were wholly false and untrue, and were persisted in by deceased for years without any evidence to support it and against all reasonable probabilities, and at the time of making his will his suspicions of his wife had become an obsession which prevented him from applying to the subject sound reason and practical judgment. That upon all subjects aside from that of his wife's chastity, deceased was at the time of the execution of said instrument wholly sane and mentally competent.

"(8) That this obsession did not affect or influence the deceased in the making of his will.

"As conclusions of law from the foregoing facts I find that said instrument is the will and testament of said deceased and should be so established by the order and judgment of this court. Let judgment be entered accordingly."

From a judgment entered accordingly the children, other than *Herman Behm,* appealed.

*Spencer Haven* of Hudson, for the appellants.

For the respondent there was a brief by *W. T. Doar* of New Richmond and *S. Swenumson* of Baldwin, and oral argument by *Mr. Doar.*

VINJE, C. J.   We have set out the findings of fact made by the county court *in extenso* because they correctly and adequately summarize the essential testimony in the case. Very little more can be added from the testimony except what is therein summarized except that it appears that *Herman,* the oldest son, according to the widow's testimony, was the favored child of the testator and that the testator usually allowed him to keep what money he earned even when a minor, while he did not usually allow the other children to do so. It is very difficult to determine from the testimony whether the testator generally or most of the time, or at times only, acknowledged that the daughter *Anna,* born in Germany, was his child. It seems from the whole case that the trial court was of the view that the testator acknowledged his two oldest children to be his, and came to the conclusion he did, as expressed in the eighth finding of fact, that the obsession possessed by the testator did not affect him in the disposition of his property, principally because having acknowledged *Anna* to be his child and having treated her the same as the other children, which he did not acknowledge to be his, it cannot be said that the obsession entertained by him of his wife's infidelity operated upon him in the making of his will. Were it an established fact that he did acknowledge *Anna* to be his child, there would be much force in this reasoning. But there is no certainty

that he regarded her as his child. The fact that *Herman* was his favorite child, coupled with the usual notion of persons born in Germany that the oldest son should be favored above other children, also tends to support the conclusion drawn by the county court.

It is apparent at once upon inspection of the so-called eighth finding of fact that it is really a conclusion drawn by the trial court from testimony in which there is little or no conflict; and therefore it does not have the force and effect of a finding of fact found by a trial court upon conflicting testimony. We are mindful of the presumption that should obtain in favor of the validity of a will and of the sanctity of a testator's rights, and of the fact that unless it fairly clearly appears that an obsession on the part of the testator has in fact affected his last will and testament that such obsession becomes immaterial. Here, however, we have a case where, so far as the testimony shows, the testator regarded all his children, with but slight exceptions, equally favorably so far as domestic affairs were concerned, except when this obsession overpowered him. Indeed, it appears from the testimony that for the last couple of years of his life he lived with one of the sons who was disinherited. It does not appear at all from the testimony that he ever lived with *Herman* or that *Herman* ever did anything more for him or for the family than any of the other children. In view of these facts we are forced to the conclusion that but for the obsession dominating the testator he would have treated his children differently—that he would have made a different will. One of the cardinal tests of the presence of undue influence or the effect of an obsession on a testator is to consider the result of the will and to determine whether or not such result was arrived at by reason of the undue influence or the existence of the obsession. It seems to us highly improbable that but for the obsession the testator would have made the will that he did. The terms of the will seem rather to be the result of the existence of the obsession. It

follows from what has been said that the conclusion drawn by the trial court must be set aside and disregarded.

*By the Court.*—Judgment reversed, and cause remanded with directions to disallow the probate of the will.