ESTATE OF KNUTSON: KNUTSON, Appellant, vs. KNUTSON and others, Respondents.

*April 1—April 29, 1930.*

For the appellant there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

*E. C. Higbee* of counsel, and *Fred G. Silberschmidt,* attorney, both of La Crosse, for the respondents.

FRITZ, J.  Under all of the facts and circumstances Sidney was entitled to at least equal consideration with his sisters and brother in the testamentary disposition of his father's property.  The evidence discloses no sane reason for disinheriting Sidney.  On the contrary, his conduct toward and relations with his father, and the respective obligations and relative circumstances of all persons concerned, were such that Sidney might well have been accorded some preference.  The unfair and unnatural disposition cannot be ascribed to any trouble between Sidney and his father in relation to the renting of the farm, because the matter of Sidney's leaving the farm did not enter into their relations until he moved off the farm in August, 1921, which was eight months after the execution of the will.  The testator's unfounded obsessions as to Sidney, and his persistence in repeating his accusations without reason and in utter disregard of all efforts to disabuse his mind, clearly establish the existence of an insane delusion which materially affected and controlled the testator in the making of his will, and deprived him of the mental capacity necessary to appreciate and understand the natural claims of each of his children upon his bounty in the testamentary disposition of his property.  But for the unfortunate obsession which dominated the testator to the prejudice of Sidney, he would undoubtedly have made a different will and treated Sidney more justly.  The following statement in *Will of Behm,* 187 Wis. 10, 13, 203 N. W. 718, is squarely in point:

"One of the cardinal tests of the presence of undue influence or the effect of an obsession on a testator is to consider

the result of the will and to determine whether or not such result was arrived at by reason of the undue influence or the existence of the obsession. It seems to us highly improbable that but for the obsession the testator would have made the will that he did. The terms of the will seem rather to be the result of the existence of the obsession. It follows from what has been said that the conclusion drawn by the trial court must be set aside and disregarded."

The court's finding that the will was the product of a sane mind was certainly contrary to the clear preponderance of the evidence, and cannot stand.

*By the Court.*—Judgment reversed, and cause remanded with directions to disallow the probate of the will.