WILL OF ELBERT: EVANGELICAL LUTHERAN CHURCH OF ST. MATTHEW OF EAU CLAIRE and another, Appellants, vs. RACE and others, Respondents.

*October 15—November 9, 1943.*

*A. J. Sutherland,* attorney for the proponent of the will, and *F. V. McManamy* and *Curt W. Augustine,* attorneys for the Evangelical Lutheran Church of St. Matthew, all of Eau Claire, for the appellants.

For the respondents there was a brief by *Wilcox, Wilcox & Sullivan* of Eau Claire, and oral argument by *Francis J. Wilcox.*

WICKHEM, J.   Testatrix, Annie H. Elbert, was a widow living in her own home with her daughter, Marie.   She had a number of other children.   On June 3, 1941, she made the will in question.   She died December 19, 1942.   Although she was possessed of considerable property, her only bequests in favor of her blood relatives were small legacies to a son and granddaughter and a conditional forgiveness of a note held against a daughter.   All the rest, residue, and remainder of her property was bequeathed to the trustees of the Evangelical Lutheran Church of St. Matthew of Eau Claire and to their successors in office for the use of the church.

Testatrix was about eighty years old.   Upon this appeal the contentions of appellants and respondents are not really in

conflict. Appellants claim that the great weight and clear preponderance of the evidence is to the effect that testatrix was bright, clear-minded, and generally competent. Respondents did not contest this upon the trial below and do not contest it here. Respondents contend that decedent, beginning about 1937, began to entertain insane delusions that her children were stealing from her. They contend that this is the only possible cause for cutting off her children in the will, and that the trial court was entitled to believe that these delusions were present and that they did affect her disposition of her property.

A careful review of the record leads us to the conclusion that while the evidence shows that testatrix gave the appearance of being entirely competent, and that she was "generally competent," it supports the finding that beginning about 1937 she entertained insane delusions to the effect that her children were stealing from her. The things which she supposed she was being deprived of by theft varied from trivial articles to securities. The court was warranted in believing that, except for these insane delusions, there existed no ground of estrangement between her and her children and no other way to account for the disposition made of her property. Under these circumstances the case falls within the following decisions of this court: *Will of Behm,* 187 Wis. 10, 203 N. W. 718; *Estate of Knutson,* 201 Wis. 526, 230 N. W. 617; *Will of Shanks,* 172 Wis. 621, 624, 179 N. W. 747.

In *Will of Shanks, supra,* it was said:

"It is not a question whether testator had general testamentary capacity, for many persons laboring under insane delusions may be competent to make a will (*Will of Cole,* 49 Wis. 179, 5 N. W. 346), but whether the insane delusion under which the testator suffered materially affected the will he made."

*By the Court.*—Judgment affirmed.